Barrow v. Farago

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

VINCENT BARROW,

*Plaintiff-Appellant*,

v.                                                              16-3444

DR. LAWRENCE FARAGO, PSYCHIATRIST, BRYAN HILTON, SUPERINTENDENT OF PROGRAMS, MICHAEL HOAGAN, DEPUTY COMMISSIONER, OFFICE OF MENTAL HEALTH, DEPARTMENT OF CORRECTIONS, ANTHONY DEVITTO, EXECUTIVE DIRECTOR OF SPECIAL PROGRAMING, DIANE VANBUREN, DEPUTY COMMISSIONER, BOB LEWIS, OMH THERAPIST, LISA KALIES, UNIT CHIEF, OMH, RESIDENTIAL MENTAL HEALTH UNIT, JOSEPH BELLNIER,

1

DEPUTY COMMISSIONER OF PROGRAM
SERVICE, KENNETH S. PERLMAN, DEPUTY
COMMISSIONER OF PROGRAM SERVICE,
LUCIEN LECLAIRE, ASSISTANT
COMMISSIONER, MAUREEN E. BOLL,
DEPUTY COMMISSIONER AND COUNSEL,
E. LINDQUIST, ASSISTANT
COMMISSIONER, KAREN BELLAMY,
DIRECTOR, INMATE GRIEVANCE
PROGRAM, JEFF MCKOY, DEPUTY
COMMISSIONER, MAUREEN BOSCO,
EXECUTIVE DIRECTOR, CENTRAL NEW
YORK PSYCHIATRIC CENTER, OFFICE OF
MENTAL HEALTH, B. MCARDLE, DEPUTY
SUPERINTENDENT OF MARCY
CORRECTIONAL FACILITY, DONALD
SELSKEY, DEPUTY COMMISSIONER,
LIEUTENANT CORY, HOLANCHUCK,
BRIAN FISCHER, COMMISSIONER,
CAPTAIN HARPER, CHARLES KELLY, JR.,
SUPERINTENDENT, MARCY
CORRECTIONAL FACILITY,

*Defendants-Appellees*,

ADOLF, CORRECTIONS COUNSELOR, NEW
YORK STATE OFFICE OF MENTAL
HEALTH, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, MARCY, NEW
YORK, ONEIDA COUNTY, NEW YORK
STATE, KINDERMAN, DEPUTY SUPT. OF
PROGRAMS,

*Defendants*.

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Vincent Barrow, pro se, Comstock, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Solicitor General, Victor Paladino and Patrick Woods, Assistant Solicitors General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Vincent Barrow, a prison inmate appearing pro se, brought the instant suit under 42 U.S.C. § 1983 against prison officials, claiming violations of the First, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. Barrow's claims are based primarily on allegations that the defendants required him to wear an exposure jumpsuit (a jumpsuit designed to prevent the wearer from removing it) when he left his cell; placed a sign reading "exposer" outside his cell; afforded him inadequate process before taking the foregoing measures; disproportionately required minority inmates to wear exposure jumpsuits; provided inadequate medical care for his foot pain, exhibitionism, and depression; and denied him access to certain programming. The district court dismissed on motion all of Barrow's claims, except for an Eighth Amendment claim that his psychiatrist denied treatment for his depression. The court later resolved that claim adversely to Barrow on summary judgment. Barrow appeals both the dismissal and the grant of summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** We review the district court's decision to dismiss virtually all of Barrow's claims de novo. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). An independent review of the record and relevant case law reveals that the district court properly dismissed Barrow's claims for substantially the reasons stated in the magistrate judge's thorough September 25, 2014 report and recommendation, which the district court adopted in its entirety. *See Barrow v. Buren*, No. 9:12-CV-01268, 2015 WL 417084, at *4 (N.D.N.Y. Jan. 30, 2015).

**2.** We review the district court's grant of summary judgment on Barrow's claim of inadequate medical care de novo. *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). To establish an Eighth Amendment violation based on inadequate medical care, Barrow would need to prove that "the alleged deprivation of adequate medical care [was] sufficiently serious," and that the defendant--Barrow's psychiatrist--acted with deliberate indifference to Barrow's health. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006) (internal quotation marks and citation omitted).

As the district court concluded, Barrow failed to demonstrate a genuine issue of material fact as to whether his psychiatrist acted with deliberate indifference in discontinuing his prescription for a particular depression medication. The record on summary judgment showed that the psychiatrist offered Barrow other treatment for his depression, including cognitive behavioral therapy. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). Furthermore, the evidence demonstrated that Barrow refused visits with his psychiatrist and only partially complied with his treatment.

We have considered Barrow's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court